NEW YORK, SUSQUEHANNA AND WESTERN RAILROAD COMPANY, PLAINTIFF-APPELLANT, v. TAYLOR FICHTER STEEL CONSTRUCTION COMPANY, INCORPORATED, DEFENDANT-RESPONDENT.

Submitted May term, 1936—Decided July 23, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and PERSKIE.

For the plaintiff-appellant, *Collins & Corbin* (*Edward A. Markley* and *Charles W. Broadhurst,* of counsel).

For the defendant-respondent, *Milton, McNulty & Augelli* (*John Milton,* of counsel).

PER CURIAM.

This is an appeal from a judgment of nonsuit in the Hudson County Court of Common Pleas. The plaintiff, in its first count, claimed that the defendant was indebted to it for demurrage charges on steel shipments. In its second count claim was made for unloading charges. A verdict by consent was directed in its favor for the amount claimed in the second count. There was no testimony taken as to the allegations in the first count, the plaintiff relying on certain exhibits which were, by consent, placed in evidence to prove its case, and then rested.

The following facts appear from the exhibits. Defendant was a subcontractor in the performance of certain steel construction work and for that purpose leased some ground space from the appellant, at or near the location where the work was to be done. On January 11th, 1932, the railroad com-

pany advised the defendant that the space was available (a lease therefor being then executed) and that the work of unloading the steel by the railroad company would be undertaken on the basis of thirty cents per ton. Three days later the defendant replied that this letter from the railroad company didn't fully cover the understanding between the parties and rather pertinently stated, "the charge of thirty cents per ton was agreed would cover all the required unloading, placing in storage, sorting and reloading into trucks of this steel." Nothing further appears on this phase of the business between the parties. We assume it was done on the basis of the defendant's letter.

There is also offered in the record a letter from the assistant comptroller of the railroad company, dated January 4th, 1932 (which, it will be noted, is prior to the leasing and unloading negotiations mentioned above) addressed to the defendant, stating, "Your request for demurrage average agreement reached us * * * on Dec. 31. We are attaching two copies of the agreement and a credit application form. Please sign both copies of the agreement. * * * Agreement should not be considered as in effect until *you receive a signed copy* of it." On January 15th, 1932, the assistant comptroller of the railroad company sent another letter to the steel company saying, "we attach for your file a *signed* copy of average agreement demurrage contract, effective at our West End, N. J. Station, Jan. 1, 1932." As a matter of fact, the agreement was not signed by the railroad company.

We think that this agreement is ineffectual and has no binding force upon the defendant because it was not signed by the railroad company. Parties to a proposed contract have the undoubted right to require any formality about it that they may see fit. The railroad company expressly advised the defendant that the agreement should not be considered as in effect until the steel company received a signed copy of it. It never received a copy signed by the plaintiff.

We also observe that there is nothing in the exhibits which tend to prove or would support the inference that the defendant owed any charges for demurrage. From the correspondence first mentioned, it would seem that the railroad

company undertook the duty, for a consideration, of unloading the steel, placing it in storage, &c. It is not clear how, under these circumstances, there could, in the nature of things, be a demurrage charge against the defendant unless it appeared that the defendant was answerable for the delay in unloading the cars, which would result in demurrage. Certainly the plaintiff couldn't hold the defendant responsible if it delayed in unloading its cars. Furthermore, while the bill for demurrage was admitted in evidence, the state of case discloses that it was offered simply as a record and was not received as placing any liability upon the defendant, and there was no testimony from which any liability in connection therewith could be charged against the defendant.

The judgment is affirmed, with costs.